JAMES E. DOROSHOW – SBN 112920
   JDoroshow@FoxRothschild.com
ASHE PURI – SBN 297814
   APuri@FoxRothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East Suite 300
Los Angeles, CA 90067-1506
Tel.:   310-598-4150
Fax:   310-556-9828

Attorneys for Plaintiff, GEZ AGOLLI,
individually and d/b/a PROGRESSIVE
MEDICAL MANAGEMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZ AGOLLI, individually and d/b/a PROGRESSIVE MEDICAL MANAGEMENT, | Case No. _____ |
| Plaintiff, | **COMPLAINT For:** |
| vs. | **(1)   Trademark Infringement (Lanham Act, 15 U.S.C. § 1114)** |
| CA PROGRESSIVE MEDICAL CENTERS, INC., a California corporation; CHARLES ZANCO, an individual; INSTITUTE FOR PROGRESSIVE MEDICINE, A PROFESSIONAL MEDICAL CORPORATION, a California corporation; ALLAN E. SOSIN, M.D., an individual; PROGRESSIVE MEDICAL, a California corporation; HELEN KENT, an individual; PROGRESSIVE MEDICAL, INC., which Will Do Business in California as PROGRESSIVE MEDICAL DBCA, a | **(2)   Unfair Competition/False Designation of Origin and False Advertising (Lanham Act, 15 U.S.C. § 1125(a))** |
| | **(3)   Common Law Trademark Infringement** |
| | **(4)   Statutory And Common Law Unfair Competition** |
| | <u>**DEMAND FOR JURY TRIAL**</u> |

1  California corporation; MARK M.
2  MARTIN, an individual;
   PROGRESSIVE MEDICAL, INC.
3  d/b/a PMI MEDICAL SOLUTIONS, a
4  California corporation; FRANCES
   YOUNG, an individual; DAVID C.
5  BIANCONI, an individual; KEVIN
6  BANION, an individual;
   PROGRESSIVE MEDICAL
7  SERVICES, INC., a California
8  corporation; ZEEV N. KAIN, an
   individual; PROGRESSIVE MEDICAL
9  SPECIALISTS, INC., a California
10 corporation; TIM BOYLAN, an
   individual; FRANK KUSH, an
11 individual; BEN KUSH, an individual;
12 JUSTIN MELLIT, an individual;
   PROGRESSIVE PROFESSIONAL
13 MEDICAL MANAGEMENT, INC., a
14 California corporation; NERSES
   NAKSHEHYAN, an individual;
15 PROGRESSIVE MEDICAL, LLC, a
16 California limited liability corporation;
   IN FORMA PROGRESSIVE
17 FITNESS, INC., a California
18 corporation; ANDREA COLUMBU, an
   individual; PROGRESSIVE HEALTH
19 SERVICES, a California entity of
20 unknown form; SUZANN GAGE, an
   individual; PROGRESSIVE
21 RECOVERY SOLUTIONS LLC, a
22 California limited liability corporation;
   ASHOT VARDANYAN, an individual;
23 GEVORG VARDANYAN, an
   individual; VALENTINE
24 GASPARIAN, an individual; TIGRAN
25 ZEYTUNTSYAN, an individual;
   HAMIK ZEYTUNTSYAN, an
26 individual; PROGRESSIVE
27 SPECIALTY THERAPY SERVICES,
28 LLC, a California limited liability

**PROGRESSIVE'S COMPLAINT**   Case No. _____
49557893

corporation; GURPEET SINGH, an
individual; PROGRESSIVE
WELLNESS CENTER, LLC, a
California limited liability corporation;
and DOES 1-10, inclusive,

               Defendants.

## COMPLAINT

## NATURE OF ACTION

1.     Plaintiff Gez Agolli, individually ("Agolli") and d/b/a Progressive
Medical Management (collectively "Plaintiff" or "Progressive") brings this
Complaint against Defendants for (i) federal trademark infringement and false
designation of origin, and unfair competition in violation of origin, and unfair
competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.;* and
(ii) common law trademark infringement and unfair competition under California
law, and alleges as follows:

## THE PARTIES

2.     Agolli is a resident of Georgia with his principal place of business at
4646 N. Shallowford Road, Atlanta, Georgia 30338.  Among other services,
Agolli and Progressive Medical Management operate a medical clinic which
provides weight loss solutions, services and programs, nutrition counseling, and
hormone therapy.

3.     Plaintiff is informed and believes, and on that basis alleges, that
Defendant CA Progressive Medical Centers Inc. is a California domestic
corporation which, together with Defendant Charles Zanco (hereinafter
collectively referred to as "CA Progressive Medical"), has its principal place of
business at 132 Rose Petal Court, Petaluma, California 94954.  Plaintiff is
informed and believes, and on that basis alleges, that Defendant CA Progressive
Medical does business and operates in the health and allied services industry, and

**PROGRESSIVE'S COMPLAINT**     Case No. _____

1  therefore directly competes with Plaintiff in the medical field.

2      4.    Plaintiff is informed and believes, and on that basis alleges, that

3  Defendant Institute for Progressive Medicine is a Professional Medical

4  Corporation which, together with Defendant Allan E. Sosin, M.D. (hereinafter

5  collectively referred to as "IPM"), has its principal place of business at 4 Hughes,

6  Suite 175, Irvine, California 92618.  Plaintiff is informed and believes, and on that

7  basis alleges, that Defendant IPM offers a variety of medical services; including

8  without limitation, nutritional consultation and supplementation, and therefore

9  directly competes with Plaintiff in the medical field.

10      5.    Plaintiff is informed and believes, and on that basis alleges, that

11  Defendant Progressive Medical is a California corporation which, together with

12  Defendant Helen Kent (hereinafter referred to as "Progressive Medical"), has its

13  principal place of business at 2720 Loker Avenue West, Suite P, Carlsbad,

14  California 92010.  Plaintiff is informed and believes, and on that basis alleges, that

15  Defendant Progressive Medical provides medical services; and therefore directly

16  competes with Plaintiff in the medical field.

17      6.    Plaintiff is informed and believes, and on that basis alleges, that

18  Defendant Progressive Medical Inc. d/b/a Progressive Medical DBCA is a

19  California foreign corporation which, together with Defendant Mark M. Martin

20  (hereinafter collectively referred to as "Progressive Medical DBCA"), has its

21  principal place of business at 997 Horan Drive, Fenton, Missouri 63026.  Plaintiff

22  is informed and believes, and on that basis alleges, that Defendant Progressive

23  Medical DBCA provides medical services; and therefore directly competes with

24  Plaintiff in the medical field.

25      7.    Plaintiff is informed and believes, and on that basis alleges, that

26  Defendant Progressive Medical, Inc. d/b/a PMI Medical Solutions is or was a

27  California corporation which, together with Defendants Frances Young, David C.

28  Bianconi and Kevin Banion (hereinafter collectively referred to as "PMI Medical

1  Solutions"), has or had its principal places of business at 250 N. Sunny Slope
2  Road, Brookfield, Wisconsin 53005 and 250 Progressive Way, Westerville, Ohio
3  43082.  Plaintiff is informed and believes, and on that basis alleges, that
4  Defendant PMI Medical Solutions provides or provided medical services; and
5  therefore directly competes or competed with Plaintiff in the medical field.

6         8.     Plaintiff is informed and believes, and on that basis alleges, that
7  Defendant Progressive Medical Services, Inc. is a California corporation which,
8  together with Defendant Zeev N. Kain (hereinafter collectively referred to as
9  "PMI"), has its principal place of business at 14 Surfspray Bluff, Newport Coast,
10 California 92657 and/or 7700 Irvine Center Drive, Suite 800, Irvine, California
11 92618.  Plaintiff is further informed and believes, and on that basis alleges, that
12 Defendant PMI provides medical services; and therefore directly competes with
13 Plaintiff in the medical field.

14        9.     Plaintiff is informed and believes, and on that basis alleges, that
15 Defendant Progressive Medical Specialists, Inc., is a California corporation which,
16 together with Defendants Tim Boylan, Frank and Ben Kush and Justin Mellit
17 (hereinafter collectively referred to as "PMS"), has its principal place of business
18 at 4974 El Cajon Boulevard, Suite A, San Diego, California 92115.  Plaintiff is
19 informed and believes, and on that basis alleges, that Defendant PMS provides
20 medical services; and therefore directly competes with Plaintiff in the medical
21 field.

22        10.    Plaintiff is informed and believes, and on that basis alleges, that
23 Defendant Progressive Professional Medical Management, Inc. was or is a
24 California corporation which, together with Defendant Nerses Nakshehyan
25 (hereinafter collectively referred to as "PPMM"), has or had its principal place of
26 business at 6501 Foothill Boulevard, Suite 101, Tujunga, California 91042.
27 Plaintiff is informed and believes, and on that basis alleges, that Defendant PPMM
28 provides or provided medical services; and therefore directly competes or

**PROGRESSIVE'S COMPLAINT**  Case No. _____

49557893

1 competed with Plaintiff in the medical field.

2      11.     Plaintiff is informed and believes, and on that basis alleges, that
3 Defendant Progressive Medical, LLC (hereinafter "PM") is a California
4 corporation with its principal place of business at 2710 Gateway Oaks Drive, Suite
5 150N, Sacramento, California.  Plaintiff is informed and believes, and on that
6 basis alleges, that Defendant PM provides medical services; and therefore directly
7 competes with Plaintiff in the medical field.

8      12.     Plaintiff is informed and believes, and on that basis alleges, that
9 Defendant In Forma Progressive Fitness, Inc. ("In Forma") is a California
10 corporation which, together with Defendant Andrea Columbu, has its principal
11 place of business at 23A Orinda Way, Orinda, California 94563.  Plaintiff is
12 informed and believes, and on that basis alleges, that Defendant In Forma provides
13 fitness services; and therefore directly completes with Plaintiff in the health
14 services field.

15      13.     Plaintiff is informed and believes, and on that basis alleges, that
16 Defendant Progressive Health Services ("Progressive Health") is a California
17 domestic corporation which, together with Defendant Suzann Gage, has its
18 principal place of business at 2141 El Cajon Boulevard, San Diego, California
19 92104.  Plaintiff is informed and believes, and on that basis alleges, that
20 Defendant Progressive Health provides medical services; and therefore directly
21 completes with Plaintiff in the medical field.

22      14.     Plaintiff is informed and believes, and on that basis alleges, that
23 Defendant Progressive Recovery Solutions LLC ("Progressive Recovery") is a
24 California corporation which, together with Defendants Ashot Vardanyan, Gevorg
25 Vardanyan, Valentine Gasparian, and Tigran and Hamik Zeytuntsyan, has its
26 principal place of business at 8150 Morse Avenue, North Hollywood, California
27 91605-1020.  Plaintiff is informed and believes, and on that basis alleges, that
28 Defendant Progressive Recovery provides health care services; and therefore

**PROGRESSIVE'S COMPLAINT**   Case No. _____
49557893

1   directly competes with Plaintiff in the health services field.

2        15.   Plaintiff is informed and believes, and on that basis alleges, that

3   Defendant Progressive Specialty Therapy Services, LLC ("Progressive Specialty")

4   is a California domestic corporation which, together with Defendant Gurpeet

5   Singh, has its principal place of business at 700 17th Street, Modesto, California

6   95354.  Plaintiff is informed and believes, and on that basis alleges, that

7   Defendant Progressive Specialty provides health care services; and therefore

8   directly completes with Plaintiff in the health care field.

9        16.   Plaintiff is informed and believes, and on that basis alleges, that

10  Defendant Progressive Wellness Center, LLC ("Progressive Wellness") is a

11  California domestic corporation with its principal place of business at 9628

12  Campo Road, Suite U, Spring Valley, California 91977.  Plaintiff is informed and

13  believes, and on that basis alleges, that Defendant Progressive Wellness provides

14  health care services; and therefore directly completes with Plaintiff in the health

15  care field.

16        17.   Plaintiff is informed and believes and on that basis alleges that Does

17  1-10 are persons or entities responsible in whole or in part for the wrongdoing

18  alleged herein ("Doe Defendants").  Each of the Doe Defendants participated in,

19  ratified, endorsed, and/or was otherwise involved in the acts complained of, and

20  they have liability for such acts.  Progressive will amend this Complaint if and

21  when the identities of such persons or entities and/or the scope of their actions

22  become known.

23        18.   CA Progressive Medical, IPM, Progressive Medical, Progressive

24  Medical DBCA, PMI Medical Solutions, PMI, PMS, PPMM, PM, In Forma,

25  Progressive Health, Progressive Recovery, Progressive Specialty, Progressive

26  Wellness and the Doe Defendants are hereinafter collectively referred to as

27  "Defendants."

28        19.   As fully detailed below, Defendants used the Progressive mark in

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1  such a manner that violates Progressive's longstanding and strong rights in the

2  Progressive® mark.

3  ## JURISDICTION AND VENUE

4      20.    Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court

5  has subject matter jurisdiction over Progressive's claims for relief for violation of

6  the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental

7  jurisdiction over Progressive's state law trademark infringement claim because it

8  is joined with substantial and related claims under the Lanham Act.  This Court

9  also has supplemental jurisdiction over Progressive's state law claim pursuant to

10  28 U.S.C. § 1367(a) because all of Progressive's claims arise out of a common

11  nucleus of operative facts.

12      21.    This Court has personal jurisdiction over Defendants, and each of

13  them, because (i) Defendants have (a) conducted substantial business in the State

14  of California; (b) derived financial benefits from residents of the State of

15  California, including by marketing and selling infringing products and services to

16  residents of the State of California and otherwise placing infringing products and

17  services into the stream of commerce, with the knowledge or understanding that

18  such products are sold in the State of California, including within this District;

19  (c) purposefully availed themselves of the privilege of conducting business within

20  the State of California; (d) sought protection and benefits from the laws of the

21  State of California; and (ii) the causes of action arise directly from the

22  Defendants' business contacts and other activities in the State of California.

23      22.    Venue in this Court exists under (i) 28 U.S.C. §§ 1391(b)(1), (c)(2) as

24  Defendants reside in this District and as such they are subject to the Court's

25  personal jurisdiction; and (ii) 28 U.S.C. § 1391(b)(2) because a substantial part of

26  the events giving rise to Progressive's claims occurred within this District.

27  ## FACTS COMMON TO ALL CLAIMS FOR RELIEF

28      23.    Progressive operates a medical clinic providing weight loss solutions,

**PROGRESSIVE'S COMPLAINT**  Case No. _____

49557893

services and programs, nutrition counseling, hormone therapy, including bioidentical hormone replacement, antiaging therapy, and natural hormone therapy, medical aesthetic procedures, including, laser hair removal, laser peels, botulinum toxin treatments, microdermabrasion, liposuction, vein treatments, vein therapy, cellulite treatments, body contouring treatments, injectable filter treatments, facials, and skin care.  Since 1998, Progressive has been using the Progressive® Mark to advertise and market itself and its products, including, without limitation, through different websites that can be accessed nationwide such as progressivemedicalcenter.com (its patient site) and progressivenutracare.com (its product site where nutritional products are sold).  Over the years, Progressive has made extensive efforts and invested large sums of money and committed substantial resources to establish and promote its services and products using the Progressive® Mark.

24.     Agolli is the principal owner and shareholder of Progressive.  He is also the sole owner of the word mark Progressive® which was issued by the United States Patent and Trademark Office as a standard character mark used to describe medical and health care services on October 1, 2013, and issued as U.S. Trademark Registration No. 4410197 (the "Progressive® Mark").  The Progressive® Mark is valid and subsisting.  A true and correct copy of the registration certificate for the Progressive® Mark is attached hereto as Exhibit A.

25.     Recently, Progressive became aware that each of the Defendants named in this action were using the Progressive® Mark (hereinafter the "Infringing Progressive Marks") without Progressive's authorization and permission, including to identify themselves as providing services and/or products in the health and medical services fields in competition with Progressive.  Progressive is informed and believes, and on that basis alleges, that such services and products are advertised and marketed through, among other means, the internet and other marketing channels which can be accessed throughout the

**PROGRESSIVE'S COMPLAINT**    Case No. _____

49557893

1  United States, including in California and Georgia.  Progressive is further

2  informed and believes, and on that basis alleges, that unless restrained by this

3  Court, each Defendant will continue to unfairly compete with Progressive by

4  using the Progressive® Mark, and by displaying, marketing and offering medical

5  services and/or products that infringe the Progressive® Mark.

6       26.  Defendants' continued use of the confusingly similar Progressive®

7  Mark in commerce violates Progressive's valuable intellectual property rights in

8  the Progressive® Mark and registration, and Defendants' knowing, intentional,

9  willful and malicious use of this Mark is damaging Progressive.

10       27.  Due to Defendants' continuing willful infringement and unlawful

11  conduct, Progressive is now forced to bring this Complaint to protect its valuable

12  and longstanding intellectual property rights.  Progressive had to retain counsel

13  and incur substantial fees and costs (and it continues to incur those fees and costs)

14  to prosecute this suit and pursue its claims.

15       28.  Progressive's interest in protecting its intellectual property rights and

16  its products and services from consumer confusion outweigh any harm to

17  Defendants.  The public interest is best served by granting Progressive's requested

18  relief against Defendants.

19  **FIRST CLAIM FOR RELIEF**

20  **(Federal Trademark Infringement – 15 U.S.C. § 1114**

21       29.  Progressive incorporates by reference the factual allegations set forth

22  above.

23       30.  Agolli owns the Progressive® Mark.  The trademark reflected in the

24  Progressive registration is strong and distinctive and designates Progressive as the

25  source of all products and services advertised, marketed, sold or used in

26  connection with the Progressive® Mark.  In particular, the Progressive® Mark has

27  been used for many years and is a strong and distinctive mark.

28       31.  Progressive is informed and believes, and on that basis alleges,

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1  Progressive is the senior user of the Progressive® Mark as it began use of that

2  Mark in interstate commerce prior to Defendants' first use of the confusingly

3  similar Infringing Progressive Marks.

4      32.    Defendants do not have authorization, license, or permission from

5  Progressive to market and sell their products and services under the Infringing

6  Progressive Marks, which is confusingly similar to the Progressive® Mark, as the

7  Infringing Progressive Marks are used with products and/or services that are

8  identical and/or closely related to the particular products and services associated

9  with the Progressive® Mark.

10     33.    Defendants were aware of the Progressive® Mark, as Defendants at a

11  minimum were on constructive notice based on Progressive's longstanding federal

12  registrations.  Thus, Defendants' unauthorized use of the confusingly similar

13  Infringing Progressive Marks was and is knowing, intentional, and willful.

14     34.    As a direct and proximate result of Defendants' wrongful conduct,

15  Progressive has been and will continue to be damaged.

16     35.    Defendants' actions therefore constitute trademark infringement.

17     36.    Unless an injunction is issued enjoining any continuing or future use

18  of the confusingly similar Infringing Progressive Marks by Defendants, such

19  continuing or future use is likely to continue to cause confusion, mistake, or

20  deception as to source, origin, affiliation, or sponsorship, and will thereby

21  irreparably damage Progressive.

22     37.    Defendants' activities have caused and will continue to cause

23  irreparable harm to Progressive, for which it has no adequate remedy at law,

24  because:  (i) the Progressive® Mark comprises a unique and valuable property

25  right that has no readily determinable market value; (ii) Defendants' infringement

26  constitutes interference with Progressive's goodwill and customer relationships

27  and is harming and will continue to substantially harm Progressive's reputation as

28  a source of high-quality goods and services; and (iii) Defendants' wrongful

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1   conduct, and the damages resulting to Progressive, are continuing.  Accordingly,
2   Progressive is entitled injunctive relief pursuant to 15 U.S.C. § 1116(a).

3       38.     Pursuant to 15 U.S.C. § 1117(a), Progressive is also entitled to an
4   order:  (i) requiring Defendants to account to Progressive for any and all profits
5   derived from their infringing actions, to be increased in accordance with the
6   applicable provisions of law; and (ii) awarding all damages sustained by
7   Progressive that were caused by Defendants' conduct.

8       39.     Defendants' conduct was and is intentional and without foundation in
9   law, and, pursuant to 15 U.S.C. § 1117(a), Progressive is therefore entitled to an
10  award of treble damages against Defendants.

11      40.     Defendants' acts make this an exceptional case under 15 U.S.C.
12  § 1117(a); thus Progressive is entitled to an award of attorneys' fees and costs.

13                    **SECOND CLAIM FOR RELIEF**
14   **Federal Unfair Competition / False Designation of Origin and**
15          **False Advertising—15 U.S.C. § 1125(a)**

16      41.     Progressive incorporates by reference the factual allegations set forth
17  above.

18      42.     The Progressive® Mark is strong and distinctive and designates
19  Progressive as the source of all goods and services advertised, marketed, sold, or
20  used in connection with that Mark.  In addition, by virtue of Progressive's
21  longstanding use of the Progressive® Mark in connection with its products and
22  services, and its extensive marketing, advertising, promotion, and sale of its
23  products and services under that Mark and the Progressive® Mark, the
24  Progressive® Mark has acquired secondary meaning, whereby the consuming
25  public of this District, the State of California, and the United States associate the
26  Progressive® Mark with a single source of products and services.

27      43.     Progressive is the senior user of the Progressive® Mark as it began
28  use of those marks in interstate commerce prior to Defendants' first use of the

**PROGRESSIVE'S COMPLAINT**   Case No. _____

1  confusingly similar Infringing Progressive Marks.

2        44.    Defendants were aware of the Progressive® Mark, as Defendants

3  were at a minimum on constructive notice based on Progressive's longstanding

4  federal registrations.  Thus, Defendants' unauthorized use of the confusingly

5  similar Infringing Progressive Marks was and is knowing, intentional, and willful.

6        45.    Through their use of the confusingly similar Infringing Progressive

7  Marks, Defendants intended to, and did in fact, confuse and mislead consumers

8  into believing, and misrepresented and created the false impression, that

9  Progressive somehow authorized, originated, sponsored, approved, licensed, or

10 participated in Defendants' use of the confusingly similar Infringing Progressive

11 Marks.

12       46.    In fact, there is no connection, association, or licensing relationship

13 between Progressive and Defendants, nor has Progressive ever authorized,

14 licensed, or given permission to Defendants to use the confusingly similar

15 Infringing Progressive Marks in any manner.

16       47.    Defendants' use of the confusingly similar Infringing Progressive

17 Marks will likely cause confusion as to the origin and authenticity of Defendants'

18 website, events, and related goods and services and will likely cause others to

19 believe that there is a relationship between Defendants and Progressive when there

20 is, in fact, not.

21       48.    As a direct and proximate result of Defendants' wrongful conduct

22 and false advertising, Progressive has been and will continue to be damaged.

23       49.    Defendants' actions thus constitute false designation of origin, false

24 advertising and unfair competition.

25       50.    Defendants' activities have caused, and will continue to cause,

26 irreparable harm to Progressive, for which it has no adequate remedy at law, in

27 that:  (i) the Progressive® Mark comprises a unique and valuable property right

28 that has no readily determinable market value; (ii) Defendants' infringement

13

**PROGRESSIVE'S COMPLAINT**    Case No. _____

49557893

constitutes interference with Progressive's goodwill and customer relationships and will substantially harm Progressive's reputation as a source of high-quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Progressive, are continuing.  Accordingly, Progressive is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

51.    Pursuant to 15 U.S.C. § 1117(a), Progressive is also entitled to an order:  (i) requiring Defendants to account to Progressive for any and all profits derived from their actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Progressive that were caused by Defendants' conduct.

52.    Defendants' conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), Progressive is therefore entitled to an award of treble damages against Defendants.

53.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Progressive is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

54.    Progressive incorporates by reference the factual allegations set forth above.

55.    Progressive has valid and protectable common law rights in the Progressive® Mark.

56.    Progressive is the senior user of the Progressive® Mark.

57.    Defendants' conduct constitutes infringement of Progressive's common law rights in the Progressive® Mark.

58.    Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Progressive's reputation and the substantial goodwill it has built up in the Progressive® Mark.

59.    As a direct and proximate result of Defendants' wrongful conduct,

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1  Progressive has been and will continue to be damaged.

2      60.    Unless an injunction is issued enjoining any continuing or future use

3  of the Progressive® Mark by Defendants, such continuing or future use is likely to

4  continue to cause confusion and thereby irreparably damage Progressive.

5  Progressive has no adequate remedy at law.  Accordingly, Progressive is entitled

6  to an injunction.

7  **FOURTH CLAIM FOR RELIEF**

8  **Statutory And Common Law Unfair Competition**

9      61.    Progressive incorporates by reference the factual allegations set forth

10  above.

11      62.    Progressive has expended significant time and expense in developing

12  the Progressive® Mark and the high-quality products and services it markets and

13  sells under those marks. The Progressive® Mark have been very successful and

14  have developed a substantial reputation and goodwill in the marketplace.

15      63.    Through their wrongful conduct, Defendants have misappropriated

16  Progressive's efforts and are exploiting the Progressive® Mark and Progressive's

17  reputation to market and sell their services under the Infringing Progressive

18  Marks.  These actions constitute unfair competition under common law and under

19  California Business and Professions Code §§ 17200 *et seq.*

20      64.    As a direct and proximate result of Defendants' wrongful conduct,

21  Progressive has been and will continue to be damaged.

22      65.    Unless an injunction is issued enjoining Defendants' unfairly

23  competitive conduct, Progressive will continue to be damaged irreparably.

24  Progressive has no adequate remedy at law.  Accordingly, Progressive is entitled

25  to an injunction.

26      66.    Defendants have acted willfully, intentionally and maliciously, such

27  that Progressive is entitled to punitive damages.

28  /////

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

/////

## **PRAYER**

WHEREFORE, Progressive prays for the following relief:

A.      An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

(i)      cease all use and never use the Progressive® Mark, or any other mark likely to cause confusion with the Progressive® Mark, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

(ii)      never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by Defendants are in any manner associated or connected with Progressive, or are licensed, approved, or authorized in any way by Progressive;

(iii)      never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendants, or any of their goods or services, are related to, authorized, or sponsored by Progressive;

(iv)      cease all use of Progressive's domain name and any similar domain names, and never register any domain names that contain the Progressive® Mark, or any domain names confusingly similar to Progressive's;

(v)      cease all use of any social media accounts and any similar accounts or social media websites, and never register any social media account that contains the Progressive® Mark, or any social media account confusingly similar to Progressive's;

(vi)      never unfairly compete with Progressive in any manner

16

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1   whatsoever, or engage in any unfair, fraudulent, or deceptive business practices

2   that relate in any way to the production, distribution, marketing, and/or sale of

3   products and services bearing the Progressive® Mark;

4           (vii)   withdraw with prejudice the Infringing Progressive Marks; and

5           (viii)   never apply for or seek to register any mark that is likely to

6   cause confusion with the Progressive® Mark.

7       B.      An order pursuant to 15 U.S.C. § 1116(a), directing Defendants to

8   file with the Court and serve upon Progressive's counsel, within thirty (30) days

9   after service of the order of injunction, a report in writing under oath setting forth

10   in detail the manner and form in which Defendants have complied with the

11   injunction.

12      C.      An order transferring to Progressive all domain names in Defendants'

13   possession, custody, or control that include the word "progressive" or any

14   misspelling thereof, or are otherwise confusingly similar to or contain the

15   Progressive® Mark.  To give practical effect to this order, a further order requiring

16   the Registrar for any of the foregoing domain names to, within fourteen (14) days

17   of receipt of the order, transfer those subject domain names to Progressive if

18   Defendants have not already done so.

19      D.      An order transferring to Progressive all of Defendants' social media

20   accounts, including all such accounts in Defendants' possession, custody, or

21   control that include the word "Progressive" or any misspelling thereof, or are

22   otherwise confusingly similar to or contain the Progressive® Mark.  To give

23   practical effect to this order, a further order requiring the social networking

24   service (e.g., Twitter, YouTube, Instagram, etc.) for any of the foregoing accounts

25   to, within fourteen (14) days of receipt of the order, transfer those subject accounts

26   to Progressive if Defendants have not already done so.

27      E.      An order finding that, by the acts complained of above, Defendants

28   have infringed Progressive's federally registered trademarks in violation of 15

**PROGRESSIVE'S COMPLAINT**   Case No. _____

U.S.C. § 1114.

F.      An order finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

G.      An order finding that, by the acts complained of above, Defendants have engaged in common law trademark infringement.

H.      An order finding that, by the acts complained of above, Defendants have engaged in common law unfair competition, and statutory unfair competition under California Business and Professions Code §§ 17200 *et seq.*

I.      An order awarding Progressive damages as follows:

(i)      Pursuant to 15 U.S.C. § 1117(a), Progressive's actual damages, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

(ii)      Punitive damages pursuant to California common law.

J.      An order pursuant to 15 U.S.C. § 1117(a) finding that this is an

K.      exceptional case and awarding Progressive its reasonable attorneys' fees.

L.      An order pursuant to 15 U.S.C. § 1117(a) awarding Progressive all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

M.      An order awarding Progressive's pre judgment interest.

/////
/////
/////
/////
/////
/////

**PROGRESSIVE'S COMPLAINT**   Case No. _____

49557893

1       N.      An order awarding Progressive such other relief as the Court deems

2 appropriate.

3                                       Respectfully submitted,

4 Dated: June 23, 2017              FOX ROTHSCHILD LLP

5                 By:    *s/James E. Doroshow*

6                              JAMES E. DOROSHOW

7                              ASHE PURI

8                              Attorneys for Plaintiff, GEZ AGOLLI,

9                              individually and d/b/a PROGRESSIVE

10                             MEDICAL MANAGEMENT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROGRESSIVE'S COMPLAINT**    Case No. _____

49557893

1

## **JURY DEMAND**

2

Progressive hereby requests a trial by jury on all issues so triable.

3

4

Dated:  June 23, 2017

FOX ROTHSCHILD LLP

5

By:   *s/James E. Doroshow*

6

JAMES E. DOROSHOW
ASHE PURI

7

8

Attorneys for Plaintiff, GEZ AGOLLI,
individually and d/b/a PROGRESSIVE
MEDICAL MANAGEMENT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROGRESSIVE'S COMPLAINT**    Case No. _____

49557893